# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD JOHN PIERCE, SR.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 11-2227** |
| **CROWE,** *et al.* | **SECTION: "G"(2)** |

## ORDER

In this litigation, Plaintiff Edward John Pierce, Sr. ("Plaintiff") alleges that Defendants Sheriff Robert Crowe, Deputy Mitchell, and Deputy Hunt ("Defendants") violated his rights under the Louisiana Constitution and the Second, Fourth, and Fourteenth Amendments to the United States Constitution.[1] On July 27, 2015, the Court administratively closed this case in light of the parties' assertions that: (1) criminal charges remain pending against Plaintiff in this matter; and (2) the Louisiana Supreme Court has issued an interim order suspending Plaintiff's counsel from the practice of law.[2] Pending before the Court is Defendants' "Motion to Dismiss Under Fed. R. Civ. Proc. 41(b)."[3] The motion was filed on March 9, 2017, and set for submission on March 29, 2017. Pursuant to Local Rule 7.5, oppositions to a motion must be filed eight days before the noticed submission date. District courts may grant a motion as unopposed, provided that the motion has merit.[4] Having reviewed the motion, the memorandum in support, the record, and the applicable law, the Court will grant the motion to dismiss.

---

[1] Rec. Doc. 1 at 20.

[2] Rec. Doc. 44.

[3] Rec. Doc. 56-1.

[4] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

1

## I. Background

*A.     Factual Background*

In his complaint, Plaintiff alleges that on September 9, 2010, deputies from the Washington Parish Sheriff's Office broke into his home through the window, destroyed his property, and took his firearm in violation of his constitutional rights.[5] Plaintiff, an amputee, alleges that the deputies tackled him inside his home, threatened to shoot him, and hit him in the chest with his artificial leg.[6] Plaintiff further contends that the officers forced him to use his artificial leg and walk to the police car, even after he informed the officers that it did not fit and that his doctor told him not to use it, and that he fell along the way.[7] According to Plaintiff, his children were arrested and taken away, and he was transported to a hospital.[8] Plaintiff alleges that he was then taken to the jail and did not receive medical attention for three days.[9] Plaintiff asserts that when he was released, he was placed on the sidewalk where he stayed until a passerby noticed his condition and demanded that an ambulance be called.[10] Plaintiff asserts a multitude of claims under Louisiana state law and 42 U.S.C. § 1983 for violations of his rights under the Second, Fourth, Fifth, Eighth, and Fourteenth Amendments.[11]

---

[5] Rec. Doc. 1 at 1.

[6] *Id.* at 5–6.

[7] *Id.* at 6–7.

[8] *Id.* at 7.

[9] *Id.* at 7–8.

[10] *Id.* at 8.

[11] *Id.* at 8–19.

### B. *Procedural History*

Plaintiff filed a complaint in this matter on September 7, 2011.[12] On October 23, 2012, the parties filed a joint unopposed motion to continue trial and reset cutoff dates,[13] which was denied by the Court on October 25, 2012.[14] On November 16, 2012, Plaintiff requested that this Court stay his action, as criminal proceedings had been instituted against him arising from the events underlying this litigation.[15] On November 21, 2012, the Court granted Plaintiff's motion, and stayed the action "until all criminal proceedings recently filed against him are resolved by the state court."[16]

On July 14, 2015, the Court ordered the parties to inform the Court of the status of this case by July 20, 2015, or the Court would administratively close or dismiss the case.[17] The same day, Defendants responded and informed the Court that the Louisiana Supreme Court had suspended Plaintiff's counsel from practicing law.[18] Defendants further informed the Court that Plaintiff's criminal case was still pending and that an outstanding attachment had been issued against Plaintiff.[19] Plaintiff's counsel contacted the Court by email on July 20, 2015, to confirm that he remained suspended from practicing law and that he had been unable to contact Plaintiff since the

---

[12] *Id.*

[13] Rec. Doc. 29.

[14] Rec. Doc. 30.

[15] Rec. Doc. 38.

[16] Rec. Doc. 40 at 1.

[17] Rec. Doc. 42.

[18] Rec. Doc. 43 at 1.

[19] *Id.*

Court's July 14, 2015 Order.[20] On July 27, 2015, the Court administratively closed the matter and ordered the parties to inform the Court regarding the status of the case by January 28, 2016.[21]

On January 28, 2016, Defendants filed a status report in which they contended that Plaintiff's counsel remained suspended and the criminal charges were still pending against Plaintiff.[22] According to Defendants, the warrant for Plaintiff's arrest for failure to appear in the state criminal matter was also still pending.[23] Plaintiff apparently did not participate in the preparation of the status report, and thus failed to comply with the Court's July 27, 2015 Order.[24] On February 11, 2016, the Court ordered the parties to inform the Court of the status of the case by July 28, 2016.[25] Defendants timely complied with the Court's Order on July 28, 2016, and informed the Court that the status of the case had not changed.[26] Plaintiff apparently did not participate in the preparation of the status report, and thus failed to comply with the Court's February 11, 2016 Order.[27] On July 29, 2016, the Court ordered the parties to file an updated status report by January 30, 2017.[28] On February 16, 2017, Defendants filed a status report to inform the

---

[20] Rec. Doc. 44 at 2–5.

[21] *Id.* at 1.

[22] Rec. Doc. 47 at 1.

[23] *Id.*

[24] The January 28, 2016 status report was filed only by Defendants Sheriff Robert Crowe, Detective Mitchell, and Deputy Hunt. *Id.*

[25] Rec. Doc. 48.

[26] Rec. Doc. 49.

[27] The July 28, 2016 status report was filed only by Defendants Sheriff Robert Crowe, Detective Mitchell, and Deputy Hunt. *Id.* at 1.

[28] Rec. Doc. 50.

Court that the status of the case had not changed.[29] Plaintiff apparently did not participate in the preparation of the status report and thus failed to comply with the Court's July 29, 2016 Order.[30]

On March 9, 2017, Defendants filed the instant motion.[31] Plaintiff has not filed an opposition.

## II. Defendants' Arguments

In their motion, Defendants argue that this Court should dismiss Plaintiff's action for failure to prosecute and failure to comply with the Court's Orders pursuant to Federal Rule of Civil Procedure 41(b).[32] Defendants assert that a stay has been in effect in this matter since November 21, 2012, because criminal charges are pending against Plaintiff, and that neither Plaintiff nor his counsel have appeared in this matter for four years.[33] Defendants point out that Plaintiff has not submitted any status reports as required by the Courts' prior Orders.[34] Moreover, Defendants aver that Plaintiff's counsel remains suspended from the practice of law, and thus Plaintiff is proceeding *pro se*.[35] Defendants further represent that the docket from the Washington Parish Clerk of Court's website shows that criminal charges against Plaintiff remain pending.[36] Defendants contend that the minutes from Plaintiff's state court criminal case demonstrate that a warrant for Plaintiff's

---

[29] Rec. Doc. 54.

[30] The February 16, 2017 status report was filed only by Defendants Sheriff Robert Crowe, Detective Mitchell, and Deputy Hunt. *Id.* at 1.

[31] Rec. Doc. 56.

[32] *Id.* at 1.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.* at 2.

arrest was issued because he failed to appear for trial.[37] Thus, Defendants argue that there is a "clear record" that Plaintiff has delayed for over four years and failed to submit three status reports in compliance with this Court's Orders.[38] Moreover, Defendants assert that it is Plaintiff's intentional conduct of failing to appear for trial in a criminal matter that led to a stay in this matter and an outstanding arrest warrant to be issued.[39] Thus, Defendants contend that this Court should dismiss this lawsuit pursuant to Rule 41(b).[40]

### III. Law and Analysis

#### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[41] To dismiss an action in this manner, there must be a clear record of delay or contumacious conduct by the plaintiff, and the court must expressly find that no lesser sanction would suffice to prompt diligent prosecution.[42] A clear record of delay is found where there have been "significant periods of total inactivity."[43] Even when that standard is met, at least one of the following "aggravating factors" should usually be present: (1) the delay was caused by the plaintiff, as opposed to his attorney; (2) the defendant suffered actual prejudice;

---

[37] *Id.*

[38] *Id.* at 3.

[39] *Id.*

[40] *Id.*

[41] Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

[42] *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 404 (5th Cir. 2008).

[43] *Berry v. CIGNA/RSI CIGNA*, 975 F.2d 1188, 1191 n. 5 (5th Cir. 1992) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984))

or (3) the delay was caused by intentional conduct.⁴⁴ Dismissals pursuant to Rule 41(b) are reviewed for abuse of discretion.⁴⁵

## B.    *Analysis*

Defendants request dismissal pursuant to Rule 41(b) on the basis that neither Plaintiff nor his counsel have appeared on the record in this matter since 2012, and that Plaintiff has repeatedly failed to comply with the Court's Orders requiring the parties to file status reports.⁴⁶ Defendants argue that Plaintiff's intentional conduct is the direct cause for the continued delay in this matter, as the criminal proceedings against Plaintiff remain pending and a warrant has been issued for Plaintiff's arrest because of his failure to appear at his state court criminal proceedings.⁴⁷ Plaintiff has not filed an opposition to the motion.

Rule 41(b) authorizes a district court to dismiss an action for failure to prosecute or failure to comply with a court order.⁴⁸ Here, in November of 2012, the Court stayed this litigation at Plaintiff's request "until all criminal proceedings recently filed against him are resolved by the state court."⁴⁹ Plaintiff represented that the criminal charges were related to the events underlying this litigation, and stated that his arraignment was set for November 26, 2012.⁵⁰ The Court did not hear from either party for three years, and when ordered to inform the Court of the status of the

---

⁴⁴ *Id.*

⁴⁵ *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

⁴⁶ Rec. Doc. 56.

⁴⁷ Rec. Doc. 56-1 at 1–3.

⁴⁸ Fed. R. Civ. P. 41(b); *Rogers v. Kroger Co.*, 669 F.2d 317, 319 (5th Cir. 1982).

⁴⁹ Rec. Doc. 40 at 1.

⁵⁰ Rec. Doc. 38-1 at 1–2.

7

case on July 14, 2015, only Defendants filed a status report into the record.[51] While Plaintiff's original counsel contacted the Court via email, he represented that he had been suspended from the practice of law by the Louisiana Supreme Court and that he could not get into contact with the Plaintiff before the Court's deadline to respond.[52] The Court administratively closed the case, and subsequently issued three Orders on July 27, 2015, February 11, 2016, and July 29, 2016, requiring both parties, including Plaintiff, to inform the Court of the status of the case.[53] Plaintiff apparently did not participate in the preparation of the status reports, and thus failed to comply with all three of the Court's Orders. Plaintiff has not filed anything into the record since November 16, 2012.[54] Moreover, despite Plaintiff's representation that the criminal case was set to proceed on November 26, 2012, it appears that the state court criminal case is still pending.[55] Additionally, the Court notes that an attachment was issued against Plaintiff in the state court criminal case on January 9, 2014, for failing to appear for trial, and appears to still be pending against Plaintiff.[56]

Based on the forgoing, the Court finds that there is a clear record of unreasonable delay caused by Plaintiff, and that no lesser sanction other than dismissal would suffice.[57] As the Fifth Circuit has determined, a clear record of delay supporting dismissal under Rule 41(b) exists when

---

[51] Rec. Doc. 43.

[52] Rec. Doc. 44 at 2–5.

[53] Rec. Docs. 44, 48, 50.

[54] *See* Rec. Doc. 38.

[55] *See* Rec. Doc. 56-2 at 1–2.

[56] *Id.*; Rec. Doc. 56-3 at 1.

[57] *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 404 (5th Cir. 2008); *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982).

there have been "significant periods of total inactivity."[58] The Court finds that such circumstances exist here. This action has been pending since September 7, 2011,[59] and Plaintiff has not filed anything into the record for over four years since November 20, 2012,[60] or complied with the three Court Orders issued over the past year and a half seeking an update on the case.[61] This case was stayed until the criminal proceedings against Plaintiff had resolved, but Plaintiff failed to appear to his state court criminal trial in January of 2014 or respond to the attachment issued against him. Thus, by Plaintiff's own conduct, the criminal action has yet to be resolved, and this case has remained administratively closed. Plaintiff has also failed to oppose this motion seeking dismissal pursuant to Rule 41(b). Moreover, because Plaintiff's attorney was suspended from practicing law, the delays in both this proceeding and the state court criminal proceeding are attributable directly to Plaintiff, who has been proceeding *pro se*.[62]

Finally, because Plaintiff has offered no explanation for the four and a half years of delay in this case or for his failure to update the Court on the status of the case pursuant to the Court's Orders, the Court finds that no lesser sanction than dismissal would suffice.[63] Accordingly, because there has been a clear record of significant delay in this matter caused by Plaintiff's own intentional conduct, and because Plaintiff has failed to comply with multiple court orders, the

---

[58] *Berry v. CIGNA/RSI CIGNA*, 975 F.2d 1188, 1191 n. 5 (5th Cir. 1992) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)).

[59] Rec. Doc. 1.

[60] Rec. Doc. 38.

[61] *See* Rec. Docs. 44, 48, 50.

[62] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 443 (5th Cir. 2016) ("Nottingham is acting pro se and is personally responsible for his failure to comply with the district court's orders.").

[63] *Mastronardi v. Wells Fargo Bank*, 653 F. App'x 356, 358 (5th Cir. 2016) (holding that there is no abuse of discretion when plaintiffs offer no explanation for their failure to follow the district court's orders).

Court in its discretion finds that dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) is proper.[64] Accordingly, the Court hereby grants Defendants' unopposed motion, and this action is dismissed with prejudice.

### IV. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that Defendants "Motion to Dismiss Under Fed. R. Civ. Proc. 41(b)"[65] is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this 11th day of April, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[64] *Ramsay v. Bailey*, 531 F.2d 706, 708 (5th Cir. 1976) (holding that the district court has the discretionary authority to dismiss an action under Rule 41(b) and will be overturned only where there is an abuse of discretion).

[65] Rec. Doc. 56-1.